IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JUAQUEZ S. JOHNSON,<br><br>Plaintiff,<br><br>vs.<br><br>UNITED STATES, Individual and Official capacity; JOHN DOE, Warden, Individual and Official capacity; JOHN DOE, Lieutenant/Sargent, Individual and Official capacity; and JOHN DOE, Case management, Individual and Official capacity;<br><br>Defendants. | **8:26CV80**<br><br>**MEMORANDUM AND ORDER** |

This matter was reassigned to the undersigned on August 14, 2026, and is now before the Court on Plaintiff Juaquez S. Johnson's ("Johnson") Complaint filed on February 23, 2026. Filing No. 1. Also before the Court are Johnson's motion for a temporary restraining order, Filing No. 3, motion for summons, Filing No. 4, a motion for copies, Filing No. 10, a motion to stay, Filing No. 19, and two motions to amend the Complaint, Filing No. 20; Filing No. 21. Johnson has been given leave to proceed in forma pauperis. Filing No. 12. The Court must conduct an initial review of Johnson's Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. §§ 1915(e) and 1915A. In conducting this review, the Court will grant Johnson's motions to amend to the extent the Court will consider the motions as supplemental to and part of the Complaint, *see* NECivR 15.1(b), and the Court will address Johnson's other motions below.

## I. SUMMARY OF COMPLAINT

Johnson is a pretrial detainee currently confined in the Douglas County Department of Corrections ("DCDC") on charges unrelated to the subject matter of his Complaint. Filing No. 1 at 4; Filing No. 17. Liberally construed, he brings this action pursuant to 42 U.S.C. § 1983 against the United States; the State of Nebraska; the City of Lincoln, Nebraska; Lancaster County, Nebraska; the Nebraska Department of Correctional Services' ("NDCS") Reception and Treatment Center ("RTC")[1]; and four RTC employees—Lieutenant Witherspoon and three John Doe defendants identified as the warden, a case manager, and a lieutenant/sergeant (hereinafter "sergeant"). Filing No. 1 at 2–3; Filing No. 20; Filing No. 21 at 5. Johnson alleges violations of his constitutional rights arising out of his admission and confinement to the RTC in July 2025. Johnson alleges the following as his statement of claim.

On the morning of July 2, 2025, Johnson was transferred from the DCDC to RTC pursuant to a "time served" plea deal. Filing No. 1 at 13. After booking officers told Johnson to change clothing and mail out his belongings, Johnson told them he had a time served deal and was supposed to be released after the booking process. The booking officer double checked and told Johnson their records indicated he had to serve an additional two months. Johnson argued there was an error, and a female case manager showed him the judge's order. Johnson maintained there was an error and asked the case manager to contact the court or his attorney, but she declined due to prison policy. Johnson informed the case manager as well as the sergeant and

[1] Johnson consistently refers to this defendant as the "R-t-c prison" or "Rtc 1," *see, e.g.*, Filing No. 1 at 2–3; Filing No. 20 at 1, which this Court understands to refer to the Reception and Treatment Center, a facility under the control of the NDCS.

Lieutenant Witherspoon[2] that continuing to hold him past 12:00 that night would be false imprisonment, but all declined to contact the court or Johnson's attorney. They informed Johnson he "had to put in a phone sheet and it would take one or two weeks to approve and failed to stop the unconstitutional terms of [his] imprisonment." Filing No. 1 at 14.[3]

In his Complaint, Johnson indicates he filed another lawsuit dealing with the same facts involved in this case at case number 8:25CV675. Filing No. 1 at 9. The Court takes judicial notice of its records in that case,[4] which show the Court dismissed Johnson's complaint without prejudice for failure to state a claim on April 22, 2026. The following summary of Johnson's complaint in 8:25CV675 provides some helpful context for Johnson's Complaint in this case:

> On June 20, 2025, [Johnson's public defender] Jacobs messaged Johnson that the prosecutor would amend his pending robbery charge to theft, allow waiver of the presentence investigation, and recommend one year with credit for time and costs, and that he should be out shortly after the June 26 court date and after transferring to NDCS custody to get a prison number. Jacobs visited Johnson on June 24, 2025, at Douglas County Corrections and conveyed the same plea terms. On June 26, 2025, in Douglas County Court before Judge Derr with prosecutor Fabian present, Johnson reviewed a plea document Jacobs provided to him, was advised of his rights, and pleaded guilty to the amended theft charge. Judge Derr accepted the plea and sentenced Johnson, giving him credit for time and costs. Johnson alleges that on July 2, 2025, when transferred to "RTC-1" within the NDCS for assignment of a prison number, officials told him he must serve two more months under the judge's order. Filing No. 7 at 3. Johnson protested that he had a time-served deal, but prison staff indicated they were following the judge's order and finished processing Johnson into custody. About a week later, after obtaining approval of his phone sheet, Johnson called Jacobs, explained the situation to her, and she asked him to call back the next day

[2] Plaintiff initially alleged he told the "warden," Filing No. 1 at 14, but he clarified in his later motion to amend that actually he told Lieutenant Witherspoon, who he believed to be the warden, Filing No. 21 at 5.

[3] All citations to Johnson's pleadings will be corrected for spelling, capitalization, and punctuation.

[4] The Court can sua sponte take judicial notice of its own records and files, and facts which are part of its public records. *United States v. Jackson*, 640 F.2d 614, 617 (8th Cir. 1981). Judicial notice is particularly applicable to the Court's own records of prior litigation closely related to the case before it. *Id*.

> so she could look into the matter. Johnson followed up with Jacobs the next day, and Jacobs immediately apologized, stating she made a mistake by miscalculating his good time and that he had to serve two more months. Johnson requested court transcripts, and a few days later he received the judge's order and a notarized letter from Jacobs stating she could not obtain transcripts because her supervisor said the judge's order was clear. *Id*. at 4–5.

*Johnson v. United States*, No. 8:25CV675, 2026 WL 1091741, at *1 (D. Neb. Apr. 22, 2026) (footnote omitted).

Plaintiff alleges he suffered mental and emotional stress, pain and suffering, and was "placed in danger with no way to call out to an attorney" due to the defendants' policy and refusal to contact the court or his attorney regarding the error with his plea deal. Filing No. 1 at 5. As relief, Plaintiff seeks a declaration that his rights were violated, preliminary and permanent injunctive relief requiring the prison to allow individuals to contact the courts and legal help upon arrival, and compensatory and punitive damages totaling $6,000,000. Filing No. 1 at 5.

## II. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The Court is required to review prisoner and in forma pauperis complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate. *See* 28 U.S.C. §§ 1915(e) and 1915A. The Court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed."

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

Liberally construed, Plaintiff here alleges federal constitutional claims. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993).

## III. DISCUSSION

Upon review, the Court concludes Johnson's Complaint must be dismissed as his § 1983 claims cannot proceed against the various defendant governmental entities and he fails to allege plausible claims for relief against any of the individual defendants.

**A. Government and Agency Defendants**

Johnson names the United States, the City of Lincoln, Lancaster County, the State of Nebraska, NDCS, and RTC as defendants in this case. However, Johnson's § 1983 claims cannot proceed against any of these defendants.

Johnson names the United States as a defendant, alleging the United States is "the head person for the municipal violation," Filing No. 21 at 1, but he does not allege any facts from which it can be inferred that the United States, i.e., the federal government, had any involvement whatsoever in Johnson's imprisonment in a Nebraska state prison pursuant to a state court criminal conviction, much less any involvement that would satisfy § 1983's state action requirement. Moreover, the United States is immune from suit for alleged constitutional violations; only federal officials are subject to suit for constitutional violations under the rule announced in *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). *See Schutterle v. United States*, 74 F.3d 846, 848 (8th Cir. 1996). Accordingly, the United States must be dismissed from this action.

Johnson alleges the State of Nebraska, City of Lincoln, Lancaster County, NDCS, and RTC are "entities and jurisdictions and employers within United States jurisdiction that housed and upheld the unconstitutional conditions of [his] confinement and whose policy violated [his] constitutional rights." Filing No. 20 at 1. Johnson's allegations do not state a § 1983 claim against any of these defendants.

First, Johnson fails to state a plausible claim for relief against the City of Lincoln or Lancaster County as he does not allege any facts to suggest his rights were violated due to an unconstitutional policy or custom of the City or the County. *See Corwin v. City*

*of Independence*, 829 F.3d 695, 699 (8th Cir. 2016) ("Section 1983 liability for a constitutional violation may attach to a municipality if the violation resulted from (1) an official municipal policy, (2) an unofficial custom, or (3) a deliberately indifferent failure to train or supervise.") (internal quotations and citations omitted).

Second, Johnson's claims against the State of Nebraska, NDCS, and RTC are barred by sovereign immunity. The Eleventh Amendment bars claims for damages by private parties against a state, state instrumentalities and an employee of a state sued in the employee's official capacity. *See, e.g.*, *Egerdahl v. Hibbing Cmty. Coll.*, 72 F.3d 615, 619 (8th Cir. 1995); *Dover Elevator Co. v. Arkansas State Univ.*, 64 F.3d 442, 446–47 (8th Cir. 1995). Any award of retroactive monetary relief payable by the state, including for back pay or damages, is proscribed by the Eleventh Amendment absent a waiver of immunity by the state or an override of immunity by Congress. *See, e.g.*, *Dover Elevator Co.*, 64 F.3d at 444; *Nevels v. Hanlon*, 656 F.2d 372, 377–78 (8th Cir. 1981). There is no indication that Nebraska waived or Congress overrode immunity here. In any case, states or governmental entities that are considered arms of the state are not suable "persons" within the meaning of 42 U.S.C. § 1983, *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 70 (1989), and Johnson's § 1983 claims cannot proceed against the State, NDCS, and RTC. *Monroe v. Ark. State Univ.*, 495 F.3d 591, 594 (8th Cir. 2007) (Eleventh Amendment bars suit against state agency for any kind of relief); *Nix v. Norman*, 879 F.2d 429, 431–32 (8th Cir.1989) (suit brought solely against state or state agency is proscribed by Eleventh Amendment).

**B. Individual Defendants**

Johnson sues the three John Doe defendants and Lieutenant Witherspoon in both their official and individual capacities. As indicated above, Johnson's official-capacity claims for damages against these four state employee defendants are barred by sovereign immunity. And, as explained below, Johnson's Complaint fails to allege a plausible claim for relief against any of the individual defendants and must be dismissed.

***1. John Doe Warden***

Johnson sues the unnamed RTC warden for his role "as policymaker, administrator, overseer, and main jailer" responsible for the prison phone policy that prevented Johnson from being able to contact the state court or his attorney upon arrival at RTC. Filing No. 21 at 1, 5. However, the RTC warden cannot be held liable for Johnson's alleged injuries based solely on his supervisory position as the prison's warden. *See Luckert v. Dodge Cnty.*, 684 F.3d 808, 817 (8th Cir. 2012) (prison supervisors cannot be held liable under § 1983 based on respondeat superior theory); *Hughes v. Stottlemyre*, 454 F.3d 791, 798 (8th Cir. 2006) ("It is well settled that § 1983 does not impose respondeat superior liability.") (internal quotation marks omitted). "To prevail on a § 1983 claim, a plaintiff must show each individual defendant's personal involvement in the alleged violation." *Kingsley v. Lawrence Cnty.*, 964 F.3d 690, 700 (8th Cir. 2020) (quoting *White v. Jackson*, 865 F.3d 1064, 1081 (8th Cir. 2017)). A plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution. *Iqbal*, 556 U.S. 662, 676 (2009). Johnson alleges no facts to suggest the warden was personally involved in any alleged

violation of his constitutional rights and, thus, fails to state a plausible claim for relief against the warden.

***2. Case Manager, Sergeant, and Lieutenant Witherspoon***

Lastly, Johnson alleges Lieutenant Witherspoon and the unnamed case manager and sergeant violated his constitutional rights when they refused to contact the state court or Johnson's attorney and upheld the prison phone policy requiring inmates to complete and obtain approval of a phone sheet before making any calls. Liberally construed, Johnson alleges the defendants violated his right to access the courts.

It is well established "that prisoners have a constitutional right of access to the courts." *Bounds v. Smith*, 430 U.S. 817, 821 (1977). To prevail on an access to courts claim, a prisoner must establish that he sustained "an actual injury." *Moore v. Plaster*, 266 F.3d 928, 933 (8th Cir. 2001). To demonstrate "actual injury," the prisoner must show "'that a nonfrivolous legal claim had been frustrated or was being impeded.'" *Id.* (quoting *Johnson v. Missouri*, 142 F.3d 1087, 1089 (8th Cir. 1998)).

Here, Johnson's allegations in the present case and the allegations in his previous case, 8:25CV675, establish that he did not suffer an actual injury as a result of being denied a phone call to the state court or his attorney upon his arrival at RTC. As he alleged, Johnson was able to contact his counsel about a week after his arrival, and his counsel admitted to her mistake in miscalculating his good time and that Johnson was required to serve two more months pursuant to the state court's sentence. Thus, the defendants' refusal to allow Johnson to contact the court or his attorney upon arrival at RTC did not impede or frustrate any nonfrivolous legal claim as Johnson was required to serve the additional two months at RTC. *See* *McMaster v. Pung*, 984 F.2d

948, 953 (8th Cir. 1993) (inmate failed to establish his right of access to courts violated where inmate made no showing that he was prejudiced by prison officials' actions). As a result, Johnson's claim for denial of his right of access to the courts fails as a matter of law.

## IV. PENDING MOTIONS

### A. Motion for Temporary Restraining Order

When he filed his Complaint on February 23, 2026, Johnson also filed a motion for a temporary restraining order to prevent his transfer to RTC from the DCDC pursuant to a plea deal he accepted in an unrelated case for which he was booked into jail on October 12, 2025. Filing No. 3. Johnson sought to stay at the DCDC to serve his new prison sentence due to his "fear of retaliation and being hurt again by the system and policy" if he was transferred to RTC. Filing No. 3. As of February 27, 2026, Johnson already had been transferred to RTC. Filing No. 10. Johnson was later transferred to the Omaha Correctional Center on or about April 1, 2026, with a tentative release date of April 12, 2026, Filing No. 15, and was back in the DCDC as of April 26, 2026, Filing No. 17.

Because Johnson was transferred to RTC shortly after his motion was filed and is no longer in custody at RTC, the Court denies his motion for temporary restraining order as moot.

### B. Motion for Summons

With his Complaint, Plaintiff also filed a handwritten summons, which the Court construes as a motion for summons. Filing No. 4. "Rule 4 requires plaintiffs to serve each defendant with a summons and a copy of the complaint. But district courts cannot

issue summonses in *in forma pauperis* [non-prisoner and] prisoner cases until after screening the complaint for frivolousness and other defects under 28 U.S.C. §§ 1915(e) and 1915A(b)." *See Welch v. Byrd*, No. 4:23CV3186, 2024 WL 3292696, at *1 (D. Neb. July 3, 2024) (quoting *Jackson v. Herrington*, 393 F. App'x 348, 353 (6th Cir. 2010) (internal citation omitted)). Here, the Court has conducted an initial review of Plaintiff's Complaint pursuant to 28 U.S.C. §§ 1915(e) and 1915A and determined the Complaint must be dismissed for failure to state a claim. Accordingly, Plaintiff's motion for summons will be denied as moot.

**C. Motion for Copies**

Johnson filed a motion requesting copies of all his paperwork he submitted regarding both this case and case number 8:25CV675 because he lost all of his paperwork upon his transfer and arrival at RTC. Filing No. 10. Though Plaintiff is proceeding in forma pauperis ("IFP"), the statutory right to proceed IFP does not include the right to receive copies of documents without payment. 28 U.S.C. § 1915; *see also Guinn v. Heckler*, 43 F.3d 1483 (10th Cir. 1994) (unpublished table decision) ("Plaintiff's principal error, however, is his apparent belief that an order granting leave to proceed in forma pauperis, without the payment of the 'fees and costs' referenced in 28 U.S.C. § 1915(a), includes the right to have free copies of any documents in the record the indigent party desires. It does not . . . ."); *Haymes v. Smith*, 73 F.R.D. 572, 574 (W.D.N.Y.1976) ("The generally recognized rule is that a court may not authorize the commitment of federal funds to underwrite the necessary expenditures of an indigent civil litigant's action.") (citing *Tyler v. Lark*, 472 F.2d 1077, 1078 (8th Cir. 1973)). As Johnson has not explained specifically what paperwork he needs from his cases or why

he cannot pay for copies, his motion for copies is denied. If Johnson requires copies of court documents, he should contact the Clerk's office to determine the proper method of requesting and paying for copies. *See* NEGenR 1.2(d) ("Before providing a service, the clerk requires prepayment of all collectible fees prescribed by statute or the Judicial Conference of the United States."); *see also* 28 U.S.C. § 1914 & Judicial Conference Schedule of Fees (fee "[f]or reproducing any record and providing a copy in paper form, $.50 per page").

**D. Motion to Stay**

Finally, Johnson filed a motion seeking to stay these proceedings "pending resolution of appeal and review of error of case no. CR25-1403,"[5] which is the underlying state criminal case for which he was imprisoned in RTC on July 2, 2025, as alleged in his Complaint. Filing No. 19 at 1. Johnson contends that he must have his conviction in CR25-1403 vacated, reversed, or otherwise expunged so that his claims in this case will not be "Heck barred." Filing No. 19 at 1.

Johnson is clearly referring to *Heck v. Humphrey*, 512 U.S. 477 (1994), in which the Supreme Court held a prisoner may not recover damages in a § 1983 suit where the judgment would necessarily imply the invalidity of his conviction, continued imprisonment, or sentence unless the conviction or sentence is reversed, expunged, or called into question by issuance of a writ of habeas corpus. *Heck*, 512 U.S. at 486–87; *see also* *Schafer v. Moore*, 46 F.3d 43, 45 (8th Cir. 1995). Absent such a favorable

[5] Johnson appears to refer to this case as "cr25-1903," but a review of his state court records, available to this Court online, shows the correct case number is CR25-1403. The Court takes judicial notice of the state court records in *State v. Juaquez Johnson*, Case No. CR25-1403, District Court of Douglas County, Nebraska. *See* *Stutzka v. McCarville*, 420 F.3d 757, 760 n.2 (8th Cir. 2005) (court may take judicial notice of judicial opinions and public records). Nebraska's judicial records may be retrieved on-line through the JUSTICE site, https://www.nebraska.gov/justice/case.cgi.

disposition of the charges or conviction, a plaintiff may not use 42 U.S.C. § 1983 to cast doubt on the legality of his conviction or confinement. *See Heck*, 512 U.S. at 486–87.

While the Court makes no finding regarding whether the *Heck* bar comes into play in this case, the Court finds a stay unnecessary as Johnson's factual allegations fail to establish a plausible claim for relief against any of the defendants. Even if Johnson is able to reverse or vacate his conviction at some point, the later reversal will not change the fact that the RTC defendants did not violate Johnson's right of access to the courts as they were simply acting in accordance with the sentence then in effect. Accordingly, Johnson's motion to stay is denied.

## V. CONCLUSION

Johnson's Complaint fails to state a claim upon which relief may be granted, and is subject to preservice dismissal under 28 U.S.C. §§ 1915(e) and 1915A. The Court will dismiss this case without leave to amend as further amendment would be futile.

IT IS THEREFORE ORDERED that:

1. Johnson's motions to amend, Filing No. 20; Filing No. 21, are granted to the extent that the Court considered the motions as part of the Complaint. The Clerk of Court is directed to update the caption to add the following parties as defendants: "State of Nebraska, in their official capacity"; "Lincoln/Lancaster County, in their official capacity"; "RTC 1 the Department of Correctional Services, in their official capacity"; and "Lieutenant Witherspoon, in his individual and official capacity."

2. This matter is dismissed for failure to state a claim upon which relief may be granted.

3. The Court will enter a separate judgment.

4. Johnson's motion for a temporary restraining order, Filing No. 3, motion for summons, Filing No. 4, motion for copies, Filing No. 10, and motion to stay, Filing No. 19, are denied for the reasons stated in this order.

Dated this 17th day of August, 2026.

BY THE COURT:

Joseph F. Bataillon
Senior United States District Judge